UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

VICTOR MATIAS, JR.,                                          Civil No. 12-63 (MJD/LIB)

        Petitioner,

v.                                                           **REPORT AND RECOMMENDATION**

B.R. JETT, Warden,

        Respondent.

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I.   BACKGROUND

In 2000, federal criminal charges were filed against Petitioner in the United States District Court for the Western District of Wisconsin. He was later convicted of conspiring to sell or distribute a controlled substance, (cocaine), and on March 29, 2001, he was sentenced to 360 months in federal prison. Petitioner is currently serving his sentence at

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

the Federal Medical Center in Rochester, Minnesota.

After Petitioner was sentenced, he filed a direct appeal that was unsuccessful. United States v. Martin, 287 F.3d 609 (7th Cir.), cert. denied, 537 U.S. 884 (2002). Petitioner represents that "since his conviction and incarceration over the last 10 plus years, [he has] attempted to exercise his right, pro se, through various forms of writs, collateral attack, etc. to challenge said statutes [i.e., the criminal statutes under which he was convicted] to no avail with each attempt summarily denied." (Petition, [Docket No. 1], p. 2.) The record in Petitioner's Wisconsin federal criminal case confirms that in February 2003, he filed a post-conviction motion under 28 U.S.C. § 2255.[2] Petitioner's § 2255 motion was denied in April 2003, and a subsequent motion for reconsideration was denied in May 2003. Petitioner applied for a Certificate of Appealability, (see 28 U.S.C. § 2253(c)), but that request was denied by the trial court, and later by the Seventh Circuit Court of Appeals. It appears that Petitioner initiated several new challenges to his conviction in 2010, but those efforts also were fruitless.[3]

---

[2]  The records for Petitioner's criminal case in the Western District of Wisconsin are accessible to this Court by means of the Electronic Case Filing ("ECF") procedures maintained by the federal judiciary. The Court has reviewed the trial court records in the criminal case in order to verify the procedural history of this matter.

[3]  The trial court judge found that Petitioner's various 2010 post-conviction proceedings were not just meritless, but frivolous. As a result, Petitioner's filing privileges have been restricted. In an order dated March 30, 2010, the trial court judge wrote that –

"In light of defendant's persistence in filing legally frivolous documents that impede the court's ability to address filings that deserve its attention, I am imposing a filing restriction on defendant. From this date forward, before the clerk files any document defendant files in this case, he is to forward the document to chambers. If the document is one in which defendant raises non-meritorious issues or seeks frivolous forms of relief or is otherwise not a document permitted to be filed under the Federal Rules of Civil or Appellate

2

In the present case, Petitioner is once again attempting to challenge the validity of his 2001 federal criminal conviction and sentence in the Western District of Wisconsin. Petitioner broadly contends that the criminal statutes under which he was convicted are unconstitutional.  However, he has made no effort to explain why he believes that is so. More significantly, Petitioner has not adequately explained why the constitutional challenges that he is attempting to raise here, (whatever they might be), were not raised and decided in his direct appeal, or in his previous post-conviction proceedings.  Therefore, Petitioner's current challenges to his 2001 Wisconsin federal criminal conviction and sentence cannot be brought in a § 2241 habeas corpus petition.

## II.    DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Subsection 2255(e) provides that –

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or

---

Procedure at this stage of defendant's case, the document will be placed in the file and no response will be made to it."

United States v. Matias, No. 3:00-cr-23-bbc, (W.D.Wis.), Order dated March 30, 2010, (Docket No. 430), at p. 3.

sentence.  "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241."  Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003).  A federal court lacks jurisdiction to hear a prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'"  DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255.  See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same).  The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, Petitioner obviously is challenging the validity of his 2001 federal criminal conviction and sentence in the Western District of Wisconsin.  As noted above, Petitioner claims that the statutes under which he was convicted are somehow unconstitutional, and his conviction should therefore be set aside.  Because Petitioner is directly challenging the validity of his conviction and sentence, his current habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.[4]  However, Petitioner has made no effort to show that the savings clause could

---

[4]  In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can be construed to be a motion brought under § 2255, and the matter can then be transferred to the original trial court so the prisoner's claims can be addressed on the merits there. However, Petitioner is precluded from seeking relief under § 2255, because he has already done so once before.  Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255

properly be applied in this case, and the Court finds that, in fact, the savings clause is <u>not</u> applicable here.[5]

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." <u>In re: Davenport</u>, 147 F.3d 605, 611 (7th Cir. 1998).  Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand."  <u>Abdullah</u>, 392 F.3d at 963.  Applying this rule here, the Court finds that

---

motion, which could not be entertained by the trial court without preauthorization from the apposite Circuit Court of Appeals.  28 U.S.C. §§ 2244(b)(3) and 2255(h).  Petitioner apparently does not have a preauthorization order from the Seventh Circuit Court of Appeals, so it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion, and transfer this matter to the District in which Petitioner was convicted and sentenced.  Furthermore, it clearly appears that any new application for relief under § 2255 would be time-barred by the one-year statute of limitations applicable to § 2255 motions.  28 U.S.C. § 2255(f).  For this additional reason, it would be inappropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

[5]  Petitioner might believe that the savings clause should be applicable simply because he is not presently eligible for relief under § 2255, due to the restrictions on successive motions and the one-year statute of limitations.  (<u>See</u> n. 4, <u>supra</u>.)  That notion must be rejected.  The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition.  The Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire."  <u>United States v. Lurie</u>, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted).  <u>See also Hill</u>, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition").

Petitioner is not eligible for the § 2255 savings clause, because he has not explained why his current claims for relief were not raised and decided in his direct appeal, or in his § 2255 motion.

As previously mentioned, Petitioner has failed to offer any clear explanation of the claims that he is attempting to bring in his current petition.  He claims that the statutes under which he was convicted are unconstitutional, but he has made no effort to support that claim.  He contends only that the statues under which he was convicted "exceeds Congress' enumerated powers and violates the Tenth Amendment."  This conclusory assertion is grossly inadequate, and it would be entirely appropriate to summarily dismiss the current petition for this reason alone.  See Wiggins v. Lockhart, 825 F.2d 1237, 1238 (8th Cir. 1987) (to state an actionable claim for habeas corpus relief, "[m]ere conclusory allegations will not suffice"), cert. denied, 484 U.S. 1074 (1988).

More importantly, (at least for present purposes), Petitioner has cited no new substantive law in support of his current challenge to his conviction,[6] and he has presented no new evidence, which was previously unavailable to him.  Petitioner has not shown that his current claims for relief, (whatever they may be), were previously unavailable, and could not have been raised before this time.  Petitioner cannot claim that § 2255 is "inadequate or ineffective" simply because he failed to raise his current claims for relief before or during his trial, or on direct appeal, or in his § 2255 motion.  See Hill, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the petitioner had "at least two

---

[6] The Court has not overlooked Petitioner's repeated references to Bond v. United States, 131 S.Ct. 2355 (2011), which was not decided until June 2011.  The relevance of Bond, (or rather the lack of relevance of that case), is discussed below.

opportunities to raise [his] argument before the sentencing court").

As the Court of Appeals pointed out in <u>Abdullah</u> –

"[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

392 F.3d at 963, quoting <u>Wolford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir. 1999).

Based on <u>Abdullah</u>, the Court finds that the savings clause is not applicable for Petitioner's current claims, because he has not shown that his claims could not have been raised before now. Because Petitioner had an adequate procedural opportunity to raise his current claims in the past, he is barred from bringing those claims in a new § 2241 habeas corpus petition at this time. <u>See</u> <u>Abdullah</u>, 392 F.3d at 963 ("'[The savings clause] does not exist to free a prisoner of the effects of his failure to raise an available claim earlier'") (quoting <u>Wolford</u>, 177 F.3d at 1245).

Petitioner's current habeas corpus petition includes numerous references to the Supreme Court's 2011 opinion in <u>Bond v. United States</u>, 131 S.Ct. 2355 (2011). Petitioner apparently believes that <u>Bond</u> establishes a new rule of constitutional law, not previously available to him, which demonstrates that the statutes under which he was convicted are unconstitutional. But that is simply not correct.

In <u>Bond</u>, the Supreme Court addressed a question about <u>standing</u>; specifically, whether an individual criminal defendant has standing to challenge the constitutionality of a federal law on Tenth Amendment grounds. The Court held in <u>Bond</u> that an individual criminal defendant – not just a state – <u>does</u> have standing to challenge a federal statute on

7

Tenth Amendment grounds, if the defendant himself is directly affected by the statute. Bond, 131 S.Ct. at 2363-64 ("The individual, in a proper case, can assert injury from governmental action taken in excess of the authority that federalism defines.  Her rights in this regard do not belong to a State.").  Thus, Bond clearly establishes that the instant Petitioner has standing to challenge the constitutionality of the statutes under which he was convicted on Tenth Amendment grounds.  However, Bond offers no aid to Petitioner, for two reasons.

First, Petitioner has not identified any specific Tenth Amendment claim in his current petition.  He broadly asserts that the statutes under which he was convicted violate the Tenth Amendment, but he has offered nothing to support that bare assertion.  Petitioner has made no effort to explain why he believes the Tenth Amendment prohibits Congress from enacting the statute under which he was convicted, and he has not cited any legal authority to support that belief.  Bond confirms Petitioner's standing to raise a Tenth Amendment claim, but in the absence of a clearly articulated, well supported, substantive claim for relief based on the Tenth Amendment, the standing conferred by Bond is inapposite.

Second, Bond does not give Petitioner any new ability to challenge his conviction, because he has always had standing to raise a Tenth Amendment argument.  Prior to Bond, there was a split in the circuits on the Tenth Amendment standing issue.  The Seventh Circuit Court of Appeals, whose rulings governed the prosecution of Petitioner's case, long ago recognized that an individual who is directly affected by a particular federal law has standing to challenge that law on Tenth Amendment grounds.  In Gillespie v. City of Indianapolis, 185 F.3d 693, 703-04 (7th Cir.), cert. denied, 528 U.S. 1116 (1999), the

Seventh Circuit held that:

> "[T]he Tenth Amendment, although nominally protecting state sovereignty, ultimately secures the rights of individuals. [An individual citizen] consequently has standing to raise the Tenth Amendment violation notwithstanding what state or local officials themselves may have to say about the propriety of the statute."

Gillespie clearly shows that Petitioner could have challenged his conviction on Tenth Amendment grounds at any time.  Bond does not give Petitioner any new standing status that he did not previously possess; Bond merely re-affirms a standing status that Petitioner has always possessed under Gillespie.[7]  For this additional reason, Bond is inapposite here.

It is important to note that Bond did not overturn any existing legal rule or precedent relevant to Petitioner's conviction or sentence, nor did Bond establish any new legal rule that Petitioner could not have raised in his direct appeal or in his § 2255 motion.  The Supreme Court expressed no opinion about the merits of the Tenth Amendment arguments raised in Bond; the Court merely held that the defendant in the case had standing to raise those arguments.  But again, in this case, Petitioner has always had standing to raise his Tenth Amendment claims, (whatever they might be), by reason of the Seventh Circuit's decision in Gillespie.  Thus, Petitioner cannot invoke the savings clause based on the Supreme Court's decision in Bond.

## III.   CONCLUSION

In sum, the Court finds that Petitioner's current application for habeas corpus relief

---

[7]   The Eighth Circuit Court of Appeals has expressly recognized that Gillespie upholds the standing of individuals to challenge federal laws on Tenth Amendment grounds.  United States v. Hacker, 565 F.3d 522, 526 (8th Cir.), cert. denied, 130 S.Ct. 302 (2009).

challenges the validity of his 2001 conviction and sentence in the Western District of Wisconsin.  However, Petitioner cannot challenge his conviction and sentence in a § 2241 habeas corpus petition, unless the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective" for the claims that Petitioner seeks to raise.  Petitioner has not identified any claim for relief – including any claim based on the Tenth Amendment – that could not have been previously raised in his direct appeal or his § 2255 motion.  The Supreme Court's recent decision in <u>Bond</u> does not allow him to invoke the savings clause, because the ruling in <u>Bond</u> does not afford Petitioner any new legal rights that he did not previously possess.

Because Petitioner is unable to show that § 2255 is an inadequate or ineffective remedy for his current claims for relief, the "savings clause" is not applicable here. Therefore, the claims that Petitioner is attempting to bring in his § 2241 habeas corpus petition cannot be entertained here, and this action must be summarily dismissed for lack of jurisdiction.  <u>See</u> <u>DeSimone</u>, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); <u>Abdullah</u>, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

## IV.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No.

10

1), be summarily **DISMISSED** for lack of jurisdiction.


Dated: January 12, 2012

s/Leo I. Brisbois
LEO I BRISBOIS
United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by January 27, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.